**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-20408-CIV-TORRES

SELIG SUSSMAN, as Trustee of the
Florida Realty Mortgage Trust #04-034,

    Plaintiff,
vs.

ALLEN E. WEINTRAUB, *et al.*

    Defendant.
_____/

WASHINGTON MUTUAL BANK,

    Plaintiff,

vs.

MICHELE M. WEINTRAUB, *et al.*

    Defendant.
_____/

**ORDER ON PLAINTIFF SELIG SUSSMAN'S MOTION
FOR AUTHORITY TO APPLY WINDSTORM INSURANCE
<u>PROCEEDS IN ACCORDANCE WITH TERMS OF MORTGAGE</u>**

This matter comes before the Court on Plaintiff Selig Sussman's Motion for Authority to Apply Windstorm Insurance Proceeds in Accordance With Terms of Mortgage [D.E. 74]. The Court has reviewed the motion, response in opposition and reply, as well as the entire record in the case.

This is an action to foreclose a certain mortgage and security agreement executed and delivered by Allen E. Weintraub ("Mr. Weintraub") and Michele M. Weintraub ("Ms. Weintraub") (collectively "Defendants") to Plaintiff Selig Sussman ("Sussman"). Sussman, by and through the Trustee, alleges that Defendants failed to properly insure the

mortgaged property against windstorm damage, thereby prompting him to force-place windstorm insurance on the property. Plaintiff is the named insured under the policy and has paid all the premiums. During October 2005, Hurricane Wilma damaged Defendants' residence (the mortgaged property). Following the damage, Defendants filed a claim with the insurance company. The insurance company issued two checks to Defendants totaling $58,415.54, made payable to Plaintiff as the named insured under the policy. Defendants forwarded the checks to Plaintiff, who then deposited the checks in an escrow account.

Defendants currently owe Plaintiff approximately $995,498.79 in principal, plus additional interest and other costs as provided in the mortgage.[1] The terms of the mortgage give Plaintiff the option of applying insurance proceeds to reduce the principal balance owed by Defendants. Paragraph 3(D) of the mortgage reads:

> In the event that any sum of money becomes payable under such [insurance] policy or policies, the Mortgagee [Trustee] shall have the option to receive and apply the same on account of the indebtedness hereby secured against payment of principal in the inverse order of their maturity, or to permit the mortgagor [Weintraubs] to receive and use same, or any part thereof, for other purposes, without thereby waiving or impairing any equity, lien or right under and by virtue of this mortgage.

The Plaintiff seeks this Court's permission to apply the insurance proceeds to the balance owed by Defendants on the mortgage.

Under Florida law, where the mortgage gives the mortgagee the right to receive and apply insurance proceeds to the mortgage debt, as it does here, Florida courts uphold such rights. For example, in *Bean v. Prevatt*, 935 So. 2d 557, 558-59 (Fla. 2d DCA 2006), there was a similar mortgage provision, which gave the mortgagee the right to decide

---

[1] Defendants do not dispute that there is a balance owed on the mortgage, though they do deny Plaintiff's right to foreclose on the property. There is no issue of fact, therefore, for purposes of this motion, that a mortgage balance is owed greater than the amount of the insurance proceeds at issue here.

whether to apply insurance proceeds to the outstanding balance on the mortgage or use the proceeds to repair the mortgaged property. In *Bean*, the mortgaged property was a mobile home that had been damaged during a hurricane. *Id.* at 559. The mortgagor filed a claim with the insurance company and the insurance company determined that it had to pay $12, 139.73 under the claim. *Id.* The insurance company issued a check in that amount, payable to both the mortgagor and the mortgagee. *Id.* When the mortgagor approached the mortgagee about endorsing the check, so that the proceeds could be applied to repair the mobile home, the mortgagee demanded that the mortgagor release the insurance proceeds to him to apply to the principal balance of the mortgage indebtedness. *Id.* The court found that according to the provisions of the mortgage, the mortgagor had agreed that the mortgagee had the right to decide whether to apply the proceeds to the principal balance on the mortgage or to the repair of the property. *Id.* at 560. Accordingly, it held that "as long as the outstanding indebtedness on the agreement exceeds the amount of the insurance proceeds, the [mortgage] gives [the mortgagee] the sole and unfettered right to decide whether the insurance payment is used to repair [the mortgagor's] home." *Id.* at 560.

    Two other Florida cases reach the same conclusion in cases very similar to this one. *See Sea Isle Operating Corp. v. Hochberg*, 198 So. 2d 336 (Fla. 3d DCA 1967); *Cayer v. Mid-State Fed. Sav. Bank*, 150 B.R. 829 (Bankr. M.D. Fla. 1993). Both cases involve mortgage provisions that give the mortgagee the right to decide whether to apply insurance proceeds to outstanding mortgage balances or to use the proceeds to repair the damaged property. *Sea Isle Operating Corp. v. Hochberg*, 198 So. 2d at 337; *Cayer v. Mid-State Fed. Sav. Bank*, 198 So. 2d at 830. Both courts held that under the respective mortgage provision the mortgagee's right to receive the insurance proceeds was fixed at the time of the loss. *Sea Isle Operating Corp. v. Hochberg*, 198 So. 2d at 337; *Cayer v. Mid-

*State Fed. Sav. Bank*, 198 So. 2d at 831. The only way the mortgagor can extinguish the mortgagee's right to such proceeds is to pay the mortgage in full. *Sea Isle Operating Corp. v. Hochberg*, 198 So. 2d at 337.

In this case, the mortgage provision gives Plaintiff the right to apply the insurance proceeds to the outstanding principal on the mortgage, rather than use the money to repair the property. Florida case law upholds the rights conferred under such mortgage provisions. There is no factual dispute that the mortgage has not been paid in full. Accordingly, Plaintiff is entitled to apply the insurance proceeds to the outstanding principal of $995,498.79.

Defendants object to the pending motion, primarily based on the argument that the cases cited above are distinguishable here because no final judgment for foreclosure has been entered on the complaint. The Court disagrees, however, as Florida law does not impose such a prerequisite on the right of a mortgagee to obtain the relief Sussman seeks. The *Bean* case provides a good illustration. There the mortgagee had also not obtained a foreclosure judgment; to the contrary, the mortgagor was actually successful in preventing foreclosure. The court found, however, that this did not prevent the mortgagee from enforcing its rights under the mortgage instrument to obtain insurance settlement proceeds. *Bean,* 935 So. 2d at 559.

As *Bean* also points out, of course, by invoking its rights to apply the insurance proceeds to the indebtedness, Sussman is estopped from foreclosing on the property based on any allegation that the Defendants failed to properly repair the property. *Id.* Furthermore, the relief being granted here will not, as Defendants caution, result in a windfall for Sussman. Defendants's challenge to the amount of the indebtedness remains

4

and they may be able to pursue whatever setoff rights they are legally entitled to. That will prevent Sussman from obtaining any improper windfall from this Order.

Accordingly, there being no factual or legal dispute that prevents the entry of this Order, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Authority to Apply Windstorm Insurance Proceeds in Accordance With Terms of Mortgage [D.E. 74] is **GRANTED.** Plaintiff is authorized to reduce the amount of principal balance owed by Defendants under the mortgage and related promissory note at issue in this case by the amount of the insurance proceeds now held in escrow. Sussman shall provide Defendants with notification of the application of the insurance proceeds and a new amortization schedule applicable to the mortgage and related promissory note.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 7th day of November 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
All counsel of record